PER CURIAM.
The Probate and Guardianship Rules Committee of The Florida Bar, in accordance with the proceedings established in rule 2.130(c), Florida Rules of Judicial Administration, has submitted its proposed changes to the rules of probate and guardianship procedure. That committee represents, and its proposals reflect, a continuous study, monitoring, and evaluation of the applicable case law and statutory changes.
The probate and guardianship rules were adopted and approved in March 1977 and reported at 344 So.2d 828 (Fla.1977). They were amended in 1980 and reported at 387 So.2d 949 (Fla.1980).
We adopt changes * to these rules and the rules as amended shall supercede the previous rules, effective 12.01 a.m., January 1, 1985. We also publish with each change the Committee Notes, Rule History, Statutory Reference, and Rule Reference. “Committee Notes” are the committee’s brief explanation of the rule. “Rule Histo *1080 ry” is the committee’s brief summary of the changes in the rule. “Statutory Reference” is reference to statutes where the rules would be applicable. “Rule Reference” is reference to other probate or guardianship rules that could be applicable. The committee notes are informal notes of the committee, intended to help the practitioner and are not intrinsic parts of the rules. The Court authorizes the committee to correct the committee notes and references separately from any rule change.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
Rule 5.020. PLEADINGS; VERIFICATION; MOTIONS; COPIES
(a) Forms of pleading. Pleadings shall be signed by the attorney of record, and by the pleader when required by these rules. All technical forms of pleadings are abolished. No defect of form impairs substantial rights, and no defect in the statement of jurisdictional facts actually existing renders any proceeding void.
(b) Petition. She A petition shall contain a short and plain statement of the relief sought, the grounds therefor, and the jurisdiction of the court where the jurisdiction has not already been shown.
(c) Motions. Any other application to the court for an order may shall be by written motion, unless made orally during a hearing or trial. The motion shall state with particularity the grounds therefor and shall set forth the relief or order sought.
(d) Rehearing. A motion for rehearing of any order or judgment shall be filed served not later than ten days after the entr-y-of the order or judgment, the date of filing the order or judgment with the clerk as shown on the face of the order or judgment.
(e) Verification. When verification of a document is required by these rules or the FBG, the document filed shall include an oath, affirmation, or the following statement:
“Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.”
(f)Copies. — In adversary proceedingsror-when otherwise required — by—these rules, Gopies-of-all-pleadings and motions shall be ser-ved-on-the-attorney of record of each interested person, and on each interested person not represented by an attorney of reeordr
Committee Notes
The time for determining when a motion for rehearing must be served has been clarified subsequent to Casto v. Casto, 404 So.2d 1046 (Fla.1981).
Rule History
1977 Revision: Editorial change (rule) and expansion of committee note. Paragraphs (a), (b), and (d) substantially the same as paragraphs (a), (b), and (f) of prior Fla.R.P. & G.P. 5.030. Paragraph (c) taken from FPC 731.104. For adversary proceedings see new Fla.R.P. & G.P. 5.025. Notice of administration is not a pleading within the meaning of this rule.
1980 Revision: Paragraphs (c) and (d) have been redesignated as (e) and (f). New paragraphs (c) and (d) are added to provide for the use of motions in probate proceedings other than adversary proceedings and to specifically authorize a procedure for rehearing.
1984 Revision: Minor editorial changes. Paragraph (f) of prior rule has been deleted as it is now covered under the adversary rules.
Statutory References
F.S. 731.104 Verification of documents.
F.S. 731.201 General definitions.
Rule Reference
Fla.R.P. & G.P. 5.025 Adversary proceedings.
Rule 5.025. ADVERSARY PROCEEDINGS
(a) Specific adversary proceedings. The following shall be adversary proceedings unless otherwise ordered by the court: proceedings to remove a personal representa *1081 tive, surcharge a personal representative, probate a lost or destroyed will or later-discovered will, determine beneficiaries, construe a will, cancel a devise, partition property for the purposes of distribution, determine and award the elective share, determine pretermitted share, and for revocation of probate of a will.
(b) Declared adversary proceedings. Other proceedings may be declared adversary by service on interested persons of a separate declaration that the proceeding is adversary.
(1) If served by the petitioner, the declaration shall be served with the petition to which it relates.
(2) If served by the respondent, the declaration and a written response to the petition shall be served at the earlier of:
(A) within 20 days after service of the petition, or
(B) prior to the hearing date on the petition.
(3) The declaration shall be served in the same form and manner as though responding to formal notice.
(4) When the declaration is served by a respondent, the petitioner shall promptly serve formal notice.
(c) Adversary status by order. The court may determine any proceeding to be an adversary proceeding at any time.
(d) Notice and procedure in adversary proceedings.
(1) Petitioner shall serve formal notice.
(2) After service of formal notice, the proceedings, as nearly as practicable, shall be conducted similar to suits of a civil nature and the rules of civil procedure shall govern, including entry of defaults.
(3) The court on its motion or on motion of any interested person may enter orders to avoid undue delay in the main administration.
(4) If a proceeding is already commenced when an order is entered determining the proceeding to be adversary, it shall thereafter be conducted as an adversary proceeding. The order shall require interested persons to serve written defenses, if any, within 20 days from the date of the order. It shall not be necessary to re-serve the petition except as ordered by the court.
(5)After the proceedings are determined to be adversary, the caption of subsequent pleadings, as an extension of the probate caption, shall include the name of the first petitioner and the name of the first respondent.
Committee Notes
The court on its initiative or on motion of any party may order any proceeding to be adversary or nonadversary or vice versa or enter any order which will avoid undue delay. The personal representative would be an interested person in all adversary proceedings. A prescribed form for the caption is provided which will facilitate the clerk’s and the court's ability to segregate such adversary proceeding from other adversary proceedings and from the main probate file:
Court Case #
In Re Estate of John B. Jones) Julia Jones, | Petitioner, j V- . ) Harold Jones, as Personal ) Representative, et al., ) _Respondents. )
Rule History
1975 Revision: New rule. 324 So.2d 38.
1977 Revision: Editorial changes to (a)(1).
1984 Revision: Extensive changes, committee notes revised and expanded.
Statutory References
F.S. 731.107 Adversary proceedings.
F.S. 732.201 — 732.215 Elective share of surviving spouse.
F.S. 732.301 Pretermitted spouse.
F.S. 732.507 Effect of subsequent marriage, birth, or dissolution of marriage.
F.S. 732.6005 — 732.611 Rules of construction.
F.S. 732.803 Charitable devises.
*1082 F.S. 733.105 Determination of beneficiaries.
F.S. 733.109 Revocation of probate.
F.S. 733.207 Establishment and probate of lost or destroyed will.
F.S. 733.208 Discovery of later will.
F.S. 733.507 Administration following resignation or removal.
F.S. 733.603 Personal representative to proceed without court order.
F.S. 733.619(2) and (4) Individual liability of personal representative.
F.S. 733.814 Partition for purpose of distribution.
Rule References
Fla.R.P. & G.P. 5.040 Notice.
Fla.R.P. & G.P. 5.190(a)(21) Definitions.
Fla.R.P. & G.P. 5.270 Revocation of probate.
Fla.R.P. & G.P. 5.360 Duty to pay elective share.
Fla.R.P. & G.P. 5.390 Partition for purpose of distribution.
Fla.R.P. & G.P. 5.440 Proceedings for removal.
Fla.R.P. & G.P. 5.510 Establishment and probate of lost or destroyed will.
Fla.R.Civ.P. 1.140 Defenses.
Fla.R.Civ.P. 1.160 Motions.
Fla.R.Civ.P. 1.200 Pretrial procedure.
Fla.R.Civ.P. 1.280 General provisions governing discovery.
Fla.R.Civ.P. 1.290 Depositions- before action or pending appeal.
Fla.R.Civ.P. 1.310 Depositions upon oral examination.
Fla.R.Civ.P. 1.340 Interrogatories to parties.
Fla.R.Civ.P. 1.380 Failure to make discovery; sanctions.
Rule 5.030. ATTORNEYS
(a)Withdrawal. The provisions-of Rule 2Ü6Q — EIa.-R.Jud.Admin. Visee — AppendixVa relating to attorney s-shall - apply. An attorney of record will not be permitted to withdraw from a case unless his withdrawal is sanctioned by the court. He shall file his petition for withdrawal in the court setting forth his reasons therefor and shall serve a copy on his client and on any other interested person persons.
(b) Required; exception. Every guardian and every personal representative, unless the personal representative remains the sole interested party person therein, shall be represented by an attorney admitted to practice in this state Florida. If the guardian or personal representative is an attorney admitted to practice in this state Florida, he may represent himself as guardian or personal representative.
(c) Limiting appearance. An attorney of record for an interested person in a proceeding governed by the Florida Probate Code, the Florida Guardianship Law, or these rules shall be the attorney of record for the same person in all other proceedings in the administration of the same estate or guardianship, except service of process in an independent action on a claim, unless
(1) the attorney specifically limits his appearance only to the particular proceeding or matter in which he appears, or
(2) the court orders Otherwise-
Committee Notes
The appearance of an attorney in an estate is a general appearance unless specifically limited. This rule does not affect the right of a party to employ additional attorneys who, if members of the Florida Bar, may appear at any time.
Rule History
1975 Revision: Paragraph (a) is same as prior Fla.R.P. & G.P. 5.040 with added provision for withdrawal of attorney Similar to Fla.R.App.P. 2.3(d)(2). Paragraph (b) reflects ruling in case of State ex rel. Falk-ner v. Blanton, 297 So.2d 825 (Fla.1974).
1977 Revision: Editorial change requiring filing of petition for withdrawal and service of copy upon interested persons. Editorial change in citation forms in rule and committee note.
*1083 1984 Revision: Minor editorial changes and addition of paragraph (c). Committee notes expanded.
Rule References
Fla.R.Jud.Admin. 2.060 Attorneys.
Fla.R.App.P. 9.440 Attorneys.
Rule 5.040. NOTICE METHOD — AND TIME;.ERODE
(a) Formal notice.
(1)When formal notice is required given, the-petitioner shall serve a copy of the petition pleading or other pleading motion shall be served on any interested person persons or his attorney if he has appeared by an attorney or requested that notice be sent to his attorney, together with a notice requiring the person served to file serve his written defenses to that petition on the person giving notice within 20 days after service of such formal the notice, exclusive of the day of service, and to serve a copy on petitioner’s-attorney file the original of the written defenses with the clerk of the court either before service or immediately thereafter, and notifying the person served that failure to -f-ile-and serve written defenses within-the - time as required may result in a judgment or order being-entered in due course,- for the relief demanded in the pleading or motion, without further notice.
(2) After service of formal notice, informal notice of any hearing on the pleading or motion shall be served on interested persons, provided that if no written defense is served and-filed within 20 days after service of fee-petition formal notice on an interested person, the petition pleading or motion may shall be considered ex parte as to that person, unless the court orders otherwise. If-a — written defense is timely served and filed, a hearing shall be set and reasonable notice given.
(3) Formal notice shall be served:
⅜ (A) By any form of mail requiring a signed receipt as follows:
(l){i) On his attorney of record; if-any- on an interested person represented by an attorney by mailing a copy to the attorney; or to -the-posEof-fice address-given- in his demand for notice, if any; or
(ii) on an interested person who has filed a demand for notice by mailing a copy to the post office address given in the demand for notice; or
(2) {iii) on an individual other than an incompetent, by mailing a copy to his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession; or
(3) (iv) On an incompetent person by mailing a copy to the -incompetent; his usual place of abode and to his legal guardian, if any the-per-son — having—custody-of—the incompetent, - and to any legal guardian of the incompetent at their respective dwelling houses, at his usual places place of abode or regular places place of business or profession; or, if there is no legal guardian, by mailing a copy to the incompetent at his usual place of abode and to the person, if any, having care or custody of the incompetent at the usual place of abode or regular place of business of such custodian; or
(4) (v) on a corporation by mailing a copy to fee-corporation at its registered office in Florida or its principal business office in Florida or, if neither is known after reasonable inquiry, to its last known address; or
hr (B) As provided in Chapter 48,- Florida Statutes by Florida law for service of process; or
e, — fe—fee—circumstances—provided in Chapter-49,-F-Iorida Statutes, in the manner provided therein,-or
⅜ (C) By an elisor as may be provided in the rules of civil procedure.
(4) If service of process is made under Chapters-48-or-49rjgloridar-§tatutes pursuant to Florida law, fees proof of service shall be made as provided therein.
(5) if Service of formal notice is made by mail, then shall be complete on receipt of the notice. If service is made by mail, proof of service shall be by verified statement of the person mailing service, and there shall be attached to such fee verified statement the signed receipt or other evidence satisfactory to the court that deliv *1084 ery was made to- or refused-by, the addressee or his agent.
(b) Informal notice. (4) When informal notice of a petition or other proceeding is required or permitted, it shall be served os the person or his attorney as provided in the these rules. Rules-of-Civil-Procedure relating to serviGe-of-pleadings.
(2) Proof of ser-v-ice-shall-be — made by filing an-attor-ney-⅛-certificate of service or by^ver-ified-statement if filed by a person who-is-not-a member of The Florida Bar.
(3) Unless other-w-ise-specifically-provid-ed,-informal notice of every petition or proceeding affecting -property rights -or interests-shall be given to interested persons. The requirement for-giving of-informal notice may be speeifieally — waived—by-will.
(c) “Notice” defined. In these rules, the Florida Probate Code, and the Florida Guardianship Law “notice” shall mean informal notice unless formal notice is specifically-provided for or required specified.
(d)-I-n-aetions- when the parties are unusually numerous,-the court may regulate the service contemplated by these rules on motion or on its initiative in such manner as may be-found-to be just and reasonable.
(e) (d) Formal notice optional. Formal notice may be given in lieu of informal notice at the option of the moving-party person giving notice unless the court orders otherwise. When sueh formal notice is given to-any party, it in lieu of informal notice, formal notice shall be given to all parties interested persons entitled to notice.
Committee Notes
Formal notice is the method used in probate proceedings for obtaining jurisdiction over the person receiving the notice. It is similar to process under the Florida Rules of Civil Procedure and requires a response. These rules and the FPC and FGL specify when formal notice is required as, for example, in an adversary proceeding.
Formal notice may be used in lieu of informal notice at the option of the person giving notice.
Informal notice is the notice given to interested persons entitled to notice when formal notice is not given or required.
Rule History
1975 Revision: Implements F.S. 731.301.
1977 Revision: Reference to elisor.
1980 Revision: Editorial changes. Clarification of time for filing defenses after formal notice. Authorizes court to give relief to delinquent respondent from ex parte status; relief from service on numerous persons; allows optional use of formal notice.
1984 Revision: Editorial changes. Eliminates deadline for filing as opposed to serving defenses after formal notice; defines procedure subsequent to service of defenses after formal notice; new requirements for service of formal notice on incompetents and corporations; defines when service of formal notice is deemed complete; provisions relating to method of service of informal notice transferred to new rules 5.041 and 5.042; eliminates waiver of notice by will.
Statutory References
F.S. 731.105 In rem proceeding.
F.S. 731.201(16) and (20) General definitions.
F.S. 731.301 Notice; method and time; proof.
F.S. ch. 48 Process and service of process.
F.S. ch. 49 Constructive service of process.
F.S. 1.01(3) Definitions.
Rule References
Fla.R.P. & G.P. 5.030 Attorneys.
Fla.R.P. & G.P. 5.041 Service of pleadings and papers.
Fla.R.P. & G.P. 5.042 Time.
Fla.R.Jud.Admin. 2.060 Attorneys.
Fla.R.Civ.P. 1.070 Process.
Fla.R.Civ.P. Form 1.902 Summons.
*1085 Rule 5.041. SERVICE OF PLEADINGS AND PAPERS
(a) Service; when required. Unless the court orders otherwise, every petition or motion for an order determining rights of an interested person, and every other pleading or paper filed in the particular proceeding which is the subject matter of such petition or motion, except applications for witness subpoenas, shall be served on interested persons unless these rules, the Florida Probate Code, or the Florida Guardianship Law provide otherwise. No service need be made on interested persons against whom a default has been entered, or against whom the matter may otherwise proceed ex parte, unless a new or additional right or demand is asserted.
(b) Service; how made. When service is required or permitted to be made in a particular proceeding in the administration of an estate on an interested person represented by an attorney, service shall be made on the attorney unless service on the interested person is ordered by the court. Except when serving formal notice, service on the attorney or interested person shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule shall mean
(1) handing it to the attorney or to the interested person, or
(2) leaving it at his office with his clerk or other person in charge thereof, or
(3) if there is no one in charge, leaving it in a conspicuous place therein, or
(4) if the office is closed or the person to be served has no office, leaving it at his usual place of abode with some person of his family above 15 years of age and informing that person of the contents.
Service by mail shall be complete on mailing except where serving formal notice.
(c) Service; numerous interested persons. In proceedings when the interested persons are unusually numerous, the court may regulate the service contemplated by these rules on motion or on its initiative in a manner as may be found to be just and reasonable.
(d) Filing. All original papers shall be filed either before service or immediately thereafter. If the original of any bond or other paper is not placed in the court file, a certified copy shall be so placed by the clerk.
(e) Filing with the court defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk, except that the judge may permit the papers to be filed with him in which event the judge shall note thereon the filing date and transmit them to the clerk.
(f) Certificate of service. When any attorney shall certify in substance:
“I certify that a copy hereof has been furnished to (here insert name or names) by (delivery) (mail) this_day of, 19
Attorney”
the certificate shall be taken as prima facie proof of service in compliance with these rules except in case of formal notice. A person not represented by an attorney shall certify in the same manner, but the certificate must be verified.
(g)Service of orders.
(1) A copy of all orders or judgments determining rights of an interested person shall be transmitted by the court or under its direction at the time of entry of the order or judgment to all interested persons in the particular proceeding.
(2) This subdivision (g) is directory, and a failure to comply with it does not affect the order or judgment or its finality.
Committee Notes
Derived from Fla.R.Civ.P. 1.080. Regulates the service of pleadings and papers in proceedings on petitions or motions for determination of rights. It is not applicable to every pleading and paper served or filed in the administration of a guardianship or decedent’s estate.
*1086 Rule History
1984 Revision: New rule. Paragraph (c) is same as former rule 5.040(d).
Statutory Reference
F.S. 731.301 Notice; method and time; proof.
Rule References
Fla.R.P. & G.P. 5.030 Attorneys.
Fla.R.P. & G.P. 5.040 Notice.
Fla.R.P. & G.P. 5.042 Time.
Fla.R.Jud.Admin. 2.060 Attorneys.
Fla.R.Civ.P. 1.080 Service of pleadings and papers.
Rule 5.042. TIME
(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, Sunday, or legal holiday in which event the period shall run until the end of the next day which is neither a Saturday, Sunday, nor legal holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.
(b) Enlargement. When an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion
(1) with or without notice may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or
(2) on motion made and notice after the expiration of the specified period may permit the act to be done when failure to act was the result of excusable neglect, but it may not extend the time for making a motion for rehearing or for taking an appeal or filing a petition for certiorari.
(c) Service for hearings. A copy of any written petition or motion which may not be heard ex parte and a copy of the notice of the hearing thereon shall be served a reasonable time before the time specified for the hearing.
(d) Additional time after service by mail. Except for formal notice and notice of administration, when an interested person has the right or is required to act within a prescribed period after the service of notice or other paper on him and the notice or paper is served on him by mail, 5 days shall be added to the prescribed period.
Committee Notes
This rule is derived from Fla.R.Civ.P. 1.090.
Rule History
1984 Revision: New rule.
Statutory Reference
F.S. 683.01 Legal holidays.
Rule Reference
Fla.R.Civ.P. 1.090 Time.
Rule 5.065. NOTICE OF CIVIL ACTION OR ANCILLARY ADMINISTRATION
(a) Civil action. A personal representative and a guardian shall file a notice when a civil action has been instituted by or against the personal representative or the guardian. The notice shall contain:
(1) the names of the parties;
(2) the style of the court and the case number;
(3) the county and state where the proceeding is pending;
(4) the date of commencement of the proceeding; and
(5) a brief statement of the nature of the proceeding.
(b) Ancillary administration. The domiciliary personal representative shall file a notice when an ancillary administration has commenced, which notice shall contain:
(1) the name and residence address of the ancillary personal representative;
(2) the nature and approximate value of the ancillary assets; and
*1087 (3)the information required in paragraphs (a)(2), (3), and (4) above.
(c) Copies exhibited. A copy of the initial pleading may be attached to the notice. To the extent an attached initial pleading states the required information, the notice need not restate it.
Committee Notes
This rule reflects a new procedural requirement not founded on a statute or rule.
Rule History
1984 Revision: New rule.
Statutory Reference
F.S. 733.612(20) Transactions authorized for the personal representative; exceptions.
Rule 5.080. DEPOSITIONS AND DISCOVERY
(а) Application. The following Florida Rules of Civil Procedure shall apply in probate and guardianship proceedings:
(1) Rule 1.280, general provisions governing discovery;
(2) Rule 1.290, depositions before action or pending appeal;
(3) Rule 1.300, persons before whom depositions may be taken;
(2) (4) Rule 1.310, depositions upon oral examination;
(3) (5) Rule 1.320, depositions upon written questions;
(4) (6) Rule 1.330, use of depositions in court proceedings;
(5) (7) Rule 1.340, interrogatories to parties;
(б) (8) Rule 1.350, production of documents and things and entry upon land for inspection and other purposes;
(9) Rule 1.351, production of documents and things without deposition;
(7) (10) Rule 1.360, physical and mental examination of persons;
(8) (11) Rule 1.370, requests for admission;
(9) (12) Rule 1.380, failure to make discovery; sanctions;
(40) (13) Rule 1.390, depositions of expert witnesses; and
(44) (14) Rule 1.400, publication of deposition; and
(15) Rule 1.410, subpoena.
(b) Limitations and costs. In order to conserve the assets of the estate or the ward and the rights of the beneficiaries therein, the court has broad discretion to limit the scope of such examination and the place and manner of taking — the same, the discovery and may assess the costs thereof of the discovery to the party taking — the same making it or to one or more of the beneficiaries of the estate or to the ward in such proportions as the court determines, considering, among other things, the benefit derived therefrom.
Committee Notes
Rule History
1975 Revision: This rule is the same as prior Fla.R.P. & G.P. 5.080, broadened to include guardianships and intended to clearly permit the use of discovery practices in nonadversary probate and guardianship matters.
1977 Revision: Editorial change in citation form in committee note.
1984 Revision: Fla.R.Civ.P. 1.290, 1.300, 1.351, and 1.410 have been added.
Rule Reference
Fla.R.Jud.Admin. 2.070 Court reporting. Rule 5.110. RESIDENT AGENT
(a) Requirement and form. Before letters are issued to a personal representative or a guardian, such the personal representative or guardian shall file a designation of his place of residence, his post office address, and the name, place of residence, and post office address of a resident in the county where proceedings are pending, as his agent for the service of process or notice. The written acceptance of the person appointed shall ais© be filed at the time of filing the designation. The designation by the personal representative or guardian and acceptance by the resident agent shall constitute the consent of the personal representative or guardian filing it that service of process or notice upon on the designated agent shall be sufficient to bind the personal representative or guardian in any action against him, either in his representa *1088 tive capacity, or personally, if the personal action accrued in the administration of the estate or guardianship. The designation and acceptance may be incorporated in the petition for administration or for appointment of guardian if signed by the prospective personal representative or guardian, or in his oath. Corporate fiduciaries shall not be required to designate a resident-ag-ent-
(b) Corporate fiduciaries. Corporate fiduciaries are not required to designate a resident agent.
(fe) (c) Attorneys. A member of The Florida Bar residing in Florida may be designated as the agent for service of process or notice, whether or not he is a resident of the county where the proceedings are pending.
(e) (d) Successor. If the resident agent dies, resigns, or is unable to act for any other reason, the personal representative or guardian shall appoint a successor agent within ten (10) days after he has notice that such event has occurred.
Committee Notes
Rule History
1977 Revision: Change in committee note to conform to statutory renumbering.
Substantially the same as prior Fla.R.P. & G.P. 5.210, except that under prior rule, designation was required to be filed within 10 days after letters issued.
1984 Revision: Captions added to paragraphs. New paragraph (b) added. Requires filing acceptance at the same time as filing designation. Committee notes revised.
Statutory Reference
F.S. 733.401 Issuance of letters.
Rule 5.150. ORDER REQUIRING ACCOUNTING
(a) Accountings required by statute. When any personal representative or guardian fails or-neglects to make a required accounting file an accounting or return required by statute or rule, the court on its own motion or on the petition of an interested person shall order the personal representative or guardian to make file such the accounting or return within fifteen-(15) days from the service upon on him of such tiie order, or show cause why he should not be compelled to do so. A copy of the order shall be served upon the personal representative or guardian. — If the personal representative or guardian fails, neglects or refuses without-good cause to file such-accounting within the time specified by the order, the cour-t-shall issue an order forthwith directed to said personal representative or guardian to show cause why he should not be adjudged in contempt. — If such personal representative or guardian fails to show just cause, the court may adjudge- said personal representative or guardian to be in contempt of court, and he shall stand committed for-contempt until he makes-the accounting.
(b) Accountings not required by statute. ■Upon On the application petition of a-ny an interested person, or upon on its own motion, the court may require the personal representative or guardian to file an accounting or return not otherwise required by statute or rule, and to make such settlements and-distribution in whole or in part as is necessary for the proper-administration of the-estate. The order requiring an accounting or return shall order the personal representative or guardian to file the accounting or return within a specified time from service on him of the order, or show cause why he should not be compelled to do so-
le) Service. A copy of the order shall be served on the personal representative or guardian and his attorney.
Committee Notes
The court on its motion or on petition of an interested person may require a personal representative or guardian to file an accounting or return not otherwise required by statute.
Rule History
1977 Revision: Change in committee notes.
1984 Revision: Extensive editorial changes. Committee notes revised and expanded.
*1089 Statutory References
F.S. 38.22-38.23 Contempt.
F.S. 733.502 Resignation of personal representative.
F.S. 733.901 Distribution; final discharge.
F.S. 744.427 Annual returns.
F.S. 744.431 Order requiring return; contempt.
F.S. 744.467 Resignation of guardian.
F.S. 744.511 Accounting upon removal.
F.S. 744.517 Proceedings for commitment.
F.S. 744.521 Termination of guardianship.
F.S. 744.524 Termination of guardianship on change of domicile of resident ward.
F.S. 744.527 Final returns and application for discharge; hearing.
Rule 5.160. PRODUCTION OF ASSETS
Upon On the petition of any an interested person, or upon on its ew» motion, the court may require any personal representative or guardian to produce satisfactory evidence that the assets of the estate are in his possession or under his control and may order production of such the assets for the inspection of such the interested person or the court.
Committee Notes
Rule History
1977 Revision: Change in committee notes.
1984 Revision: Minor editorial changes. Committee notes revised.
Statutory Reference
F.S. 744.434 Production of assets.
Rule 5.170. EVIDENCE
In proceedings under the Florida Probate Code and the Florida Guardianship Law the rules of evidence in civil actions are applicable unless specifically changed by the Iaw Florida Probate Code, the Florida Guardianship Law, or these rules.
Committee Notes
Rule History
1977 Revision: New rule.
1984 Revision: To further clarify the intent of the rule to incorporate the provisions of the Florida Evidence Code (chapter 90, F.S.) when not in conflict with the Florida Probate Code or Florida Guardianship Law, or rules applicable to these particular proceedings.
Statutory Reference
F.S. ch. 90 Florida Evidence Code.
Rule 5.180. NOTICE; WAIVER
A person, including a representative person, and a guardian ad litem, administrator ad litem, guardian of the property, or, if none, the natural guardian, personal representative, trustee, or other fiduciary may waive formal notice, informal notice, service (including service of notice of adminis-
(a) waive the following:
(1) formal notice;
(2) informal notice;
(3) service including service of notice of administration;
(4) disclosure of the amount of compensation either paid to or to be paid to the personal representatives, attorneys, accountants, appraisers, or other agents employed by the personal representative;
(5) disclosure of prior or proposed distribution of assets; and
(6) any other proceedings or matters permitted to be waived by law or by these rules; and
(b) give consent in writing on behalf of himself and the persons he represents to the extent there is no conflict of interest between him and the persons he represents.
Committee Notes
This rule provides a broad waiver of procedural requirements by interested persons, including fiduciaries.
*1090 Rule History
1977 Revision: Extends right of waiver to natural guardian; clarifies right to waive service of notice of administration.
1984 Revision: Extends waiver to disclosure of compensation and distribution of assets. Committee notes revised.
Statutory References
F.S. 731.302 Waiver and consent by interested person.
F.S. 733.901 Distribution; final discharge.
F.S. 744.106 Notice and virtual representation.
F.S. 744.301 Natural guardians.
F.S. ch. 737 Trust administration.
Rule References
Fla.R.P. & G.P. 5.120 Administrator ad litem and guardian ad litem.
Fla.R.P. & G.P. 5.400 Distribution and discharge; notice.
Fla.R.P. & G.P. 5.680 Termination of guardianship upon removal of ward’s incapacity, death or exhaustion of assets.
Fla.R.P. & G.P. 5.690 Annual account-ings.
Rule 5.205. DEATH CERTIFICATE FILING FILING EVIDENCE OF DEATH
(a)Requirements for filing. A copy of an official record of the death of a decedent shall be filed by the personal representative, if any, or the petitioner in each of the following proceedings and at the times specified:
(1) administration of decedent’s estate: within not later than three- (3) months following the date of the first publication of the notice of administration;
(2) ancillary proceedings: within not later than three — (3) months following the date of first publication of notice to creditors.
(3) family administration: at any time prior to entry of the order of family administration;
(4) summary administration: at any time prior to entry of the order of summary administration;
(5) disposition without administration: at the time of filing the application for disposition without administration;
(6) determination of beneficiaries: at any time prior to entry of the final judgment determining beneficiaries; and
(7) determination of homestead: at any time prior to entry of the final judgment determining homestead status of real property.
(b) Waiver. Upon On verified petition by the personal representative, if any, or the petitioner the court may enter an order waiving compliance dispensing with this rule, without notice or hearing.
(c) Authority to require filing. The court may, without notice or hearing, enter an order requiring the personal representative, if any, or the petitioner to file a copy of an official record of death at any time during the proceedings.
Committee Notes
Rule History
1980 Revision: This rule is intended to provide a uniform procedure for filing an official record of death in any judicial or statutory proceeding upon the death of a decedent. The court may, upon ex parte application, waive compliance with this rule or require filing at any stage in the proceedings.
1984 Revision: Captions and minor editorial changes. Committee notes revised.
Statutory Reference
F.S. 731.103 Evidence as to death or status.
Rule 5.210. PROBE PROBATE OF WILLS
(a) Manner. On petition wills may be admitted to probate by:
(1) filing a self-proved will executed as required by law; or
(2) filing the will and the written oath of a person authorized by statute proving the execution of the will as required by law; or
*1091 (3) filing an authenticated copy of a notarial will, the original of which is in the possession of a foreign notary and satisfies the requirements of law; or
(4) filing an authenticated copy of the will of any person who dies a resident of Florida that has been admitted to probate in another state or country as provided by law; or
(5) filing a will or a photographic copy of a will written in a foreign language to which is attached a true and complete English translation together with proof of will as required by law. In the order admitting the foreign language will to probate the court shall establish the correct English translation.
(b) Oath. Any circuit judge or clerk in Florida may take the oath of a witness to a will in proof of the attestation of that witness without issuance of a commission, attaching the original or photographic copy of the will to the oath of the witness.
Committee Notes
Rule History
1975 Revision: Proof of will may be taken by any Florida circuit judge or clerk without issuance of commission.
1984 Revision: This rule has been completely revised to set forth the procedure for proving all wills except lost or destroyed wills and the title changed. The rule requires an oath attesting to the statutory requirements for execution of wills and the will must be proved before an order can be entered admitting it to probate. Former Fla.R.P. & G.P. 5.280, 5.290, and 5.500 are included in this rule. Committee notes revised.
Statutory References
F.S. 733.201 Proof of wills
F.S. 733.204 Probate of will written in foreign language.
F.S. 733.205 Probate of notarial will.
F.S. 733.206 Probate of will of resident after foreign probate.
F.S. 733.502 Resignation of personal representative.
F.S. 733.503 Appointment of successor upon resignation.
Rule 5.230. COMMISSION TO PROVE WILL
(a) Petition. The court may appoint a commissioner on petition to take the oath of any attesting witness to a will. The petition for the appointment of a commissioner shall set forth the date of the will and the place where it was executed, if known; the names of the witnesses and address of the witness whose oath is to be taken; and the name, title, and address of a proposed commissioner.
(b) Commission. The commission shall be directed to any .person who is authorized to administer an oath by the laws of Florida, the United States of America, or the state or country where the witness may be found, and it shall empower the commissioner to take proof of the attestation of the witness and direct him to certify the proof and return the executed commission, copy of the will, oath of witness, and certificate of proof. An oath of the commissioner is not required.
(c) Mailing. The petitioner or his attorney shall cause the commission together with a photographic copy of the will, the oath, and the certificate of proof to be mailed to the commissioner-
id) Admission to probate. On the filing of the executed commission, together with the copy of the will, the oath, and certificate of proof, the will may be admitted to probate.
(e) Objections. Objections to the validity of the will shall follow the form and procedure set forth in these rules pertaining to revocation of probate. Objections to the qualifications of the personal representative shall follow the form and procedure set forth in these rules pertaining to removal of personal representatives. Objections to the venue or jurisdiction of the court shall follow the form and procedure set forth in the rules of civil procedure.
Committee Notes
Rule History
1975 Revision: Substantially the same as prior Fla.R.P. & G.P. 5.130(a) and (b) and *1092 carries forward prior procedures as to a matter upon which FPC is silent.
1984 Revision: This rule has been completely changed to set forth the procedure for the issuance and return of a commission. The rule has been broadened to allow anyone authorized by Florida Statutes or by the U.S. Code to be a commissioner as well as those authorized by the state or country where the witness resides.
The rule now provides that the petitioner or his attorney shall forward the commission to the commissioner. The rule also contemplates that a Florida notary may be appointed as commissioner to take the proof of a witness outside the State of Florida. Committee notes revised and expanded.
Statutory References
F.S. 738.201 Proof of wills.
F.S. 92.50 Oaths, affidavits, and acknowledgments; who may take or administer; requirements.
22 U.S.C. § 1195 Notarial acts, oaths, affirmations, affidavits, and depositions; fees.
Rule 5.240. NOTICE OF ADMINISTRATION
(a) Publication and service. Upon After issuance of letters, the personal representative shall publish a notice of administration and promptly serve a copy of the notice in the manner provided for formal notice in these rules on the surviving spouse and all beneficiaries known to the personal representative according-to-the-requirements of Fla.R.P. &-GrP»-5,040(a) who have not been barred by FPC 733.2-1-23-or other provisions of-the-Code law.
(b) Contents. The notice shall contain the name of the decedent, the file number of the estate, the designation and address of the court, the name and address of the personal representative and his attorney, and date of first publication. The notice shall require all interested persons to file with the court, within the time provided by law:
(1) all claims against the estate; and
(2) any objection by an interested person ■upon on whom notice was served that challenges the validity of the will, the qualifications of the personal representative, and the venue or jurisdiction of the court.
(b) (c) Method of publication and proof. Publication shall be onee-a^ week — for two consecutive weeks, two publieations-being sufficient,-in-⅛ -newspaper published in the county where the estate is administered, or ■if — there-is.no newspaper published in the eounty-in-armewspaper- of general circulation-in — that-county made as required by law. Proof of publication shall be filed with the court within 45 days of the first publication.
(d) Objections. Objections to the validity of the will shall follow the form and procedure set forth in these rules pertaining to revocation of probate. Objections to the qualifications of the personal representative shall follow the form and procedure set forth in these rules pertaining to removal of a personal representative. Objections to the venue or jurisdiction of the court shall follow the form and procedure set forth in the Florida Rules of Civil Procedure.
Committee Notes
It is the committee’s opinion that the failure to timely file the proof of publication of the notice of administration shall not affect time limitations for filing claims or objections.
Rule History
1977 Revision: Former paragraph (c) is deleted as being substantive rather than procedural.
1984 Revision: Editorial changes; new requirement to file proof of publication; new requirements as to form of objections to will and qualifications of personal representative. Committee notes revised.
Statutory References
F.S. 732.5165 Effect of fraud, duress, mistake, and undue influence.
F.S. 733.109 Revocation of probate.
F.S. 733.212 Notice of administration; filing of objections and claims.
*1093 F.S. 733.2123 Adjudication before issuance of letters.
F.S. 733.302 Who may be appointed personal representative.
F.S. 733.303 Persons not qualified.
F.S. 733.305 Trust companies and other corporations and associations.
F.S. 733.702 Limitations on presentation of claims.
Rule References
Fla.R.P. & G.P. 5.025 Adversary proceedings.
Fla.R.P. & G.P. 5.180 Notice; waiver.
Fla.R.P. & B.P. 5.270 Revocation of probate.
Fla.R.P. & G.P. 5.440 Proceedings for removal.
Fla.R.P. & G.P. 5.490 Form and manner of presenting claim.
Rule 5.260. CAVEAT; PROCEEDINGS
(a) Filing. If Any creditor of the estate of a decedent is apprehensive that the estate will be administered without his knowledge, or if any interested person other than a creditor is apprehensive that an estate may be administered or that a will may be admitted to probate without his knowledgeT he may file a caveat with the court.
(b) Contents. The No caveat shall be effective, unless it contains contain a statement of the interest of the caveator in the estate, the name and specific mailing address, and resident residence address of the caveator.
(c) Resident agent of caveator; service. If the caveator is not a resident of Florida the county in which-the caveat is-filed, he shall file a designation of the name and specific mailing address and residence address of a resident in the county where the caveat is filed as his agent for service of notice. The written acceptance by the person appointed as resident agent shall be filed with the designation or included in the caveat. The designation and acceptance shall constitute the consent of the caveator that service of notice upon the designated resident agent shall bind the caveator. If the caveator is represented by an attorney admitted to practice in Florida who signs the caveat, it shall not be necessary to designate a resident agent under this rule.
(d) Filing after commencement. If at the time of the filing of any caveat the decedent’s will has been admitted to probate or letters of administration have been issued, on such estate, the clerk shall forthwith notify the caveator in writing advising him of the date of issuance of letters and the names and addresses of the personal representative of the estate and his attorney.
(e) Creditor. When letters of administration issue after the filing of a caveat by a creditor, the clerk shall forthwith notify such the caveator, in writing, advising him of the date of issuance of letters and the names and addresses of the personal representative and his attorney, unless notice has previously been served on such the caveator. A copy of any notice required to be given by the clerk herein, together with a certificate of the mailing of the original notice thereof, shall be filed in the estate proceedings.
{e) (f) Other interested persons; before commencement. After the filing of a caveat by an interested person other than a creditor, the court shall not admit a will of the decedent to probate or appoint a personal representative without service of formal notice on the caveator or his designated agent according to Fla»- R.P. C.P. 5.040 and compliance with FPC 733.2123.
(f) The caveator other than a creditor in his answer shall-state his interest in the estate and facts constituting the ground on which he oppeses-the probate of the will, and on the issue made and proof adduced, the court shall-probate the will or-deny probate thereof-
Committee Notes
Caveat proceedings permit a creditor or other interested person to be notified when letters of administration are issued. Thereafter, the caveator must take appropriate action to protect his interests.
*1094 This rule treats the creditor caveator different from other caveators.
Rule History
1977 Revision: Carried forward prior Fla.R.P. & G.P. 5.150.
1984 Revision: Changes in (a), (b), and (d) are editorial. Change in (c) eliminates resident agent requirement for Florida residents and for nonresidents represented by a Florida attorney. Service on the attorney binds caveator. Former (e) is now paragraphs (e) and (f) and treats creditor cave-ator differently from other interested persons. Change in (f) requires formal notice. Committee notes revised.
Statutory References
F.S. 731.110 Caveat; proceedings.
F.S. 733.203(1) Notice; when required.
Rule Reference
Fla.R.P. & G.P. 5.040(a) Notice.
Rule 5.270. REVOCATION OF PROBATE
(a) Petition and contents. A petition for revocation of probate shall state the interest of the petitioner in the estate and the facts constituting the grounds upon on which revocation is demanded.
(b)-Proceedings-shall follow the requirements of Fla.R-P- & G.P. 5.025.
(c) Any person interested in the estate may appear and prosecute or defend as a party.
(d) (b) Continued administration. Pending the determination of any issue made for revocation of probate, the personal representative shall continue to administer the estate of the decedent, as- if no such issue had been made,-but no distribution may be made-to- devisees-in-contravention of the rights of those.who, but for such will, would be entitled-to-the property disposed of thereby.
Committee Notes
Rule History
1984 Revision: Extensive changes. Committee notes revised.
Statutory References
F.S. 733.109 Revocation of probate.
F.S. 733.212 Notice of administration; filing of objections and claims.
F.S. 733.2123 Adjudication before issuance of letters.
Rule Reference
Fla.R.P. & G.P. 5.025 Adversary proceedings.
Rule 5.280. Deleted September 13, 1984, Effective January 1, 1985
Committee Notes
Rule History
1984 Revision: The rule has been deleted because it is now covered by rule 5.210. See Fla.R.P. & G.P. 5.210 and F.S. 733.204. Rule 5.290. Deleted September 13, 1984, Effective January 1, 1985.
Committee Notes
Rule History
1984 Revision: The rule has been deleted because it is now covered by rule 5.210. See Fla.R.P. & G.P. 5.210 and F.S. 733.205. Rule 5.340. INVENTORY
(a) Contents and filing. Within sixty (60) days after issuance of letters, a The personal representative who is not a curator or a successor to another personal representative who- has previously discharged the duty, shall file an inventory of the property of the estate as required by law. The inventory shall listing it list the estate with reasonable detail and including include for each listed item its estimated fair market value at the date of the decedent’s death. Homestead Real property appearing to be homestead property shall be listed and so designated. Real property located in Florida and personal property wherever situated of a decedent-who is domiciled within this state shall-be inventoried, if-known. — Real and personal — property within- this state owned by-ar-decedent who is -domiciled outside of this state shall be — inventoried.
(b) Extension. On petition the time for filing the inventory may be extended by the court for cause shown without notice, except that the personal representative shall serve a copy of the petition on inter *1095 ested persons described in paragraph (d). A copy of the order shall be served on interested persons.
(c) Amendments. A supplementary or amended inventory containing the information required by paragraph (a) as to each affected item shall be filed and served by the personal representative if:
(1) the personal representative learns of property not included in the original inventory; or
(2) the personal representative learns that the estimated value or description indicated in the original inventory for any item is erroneous or misleading; or
(3) the personal representative determines the estimated fair market value of an item whose value was described as unknown in the original inventory.
(e) (d) Service. The personal representative shall send serve a copy of the inventory and all supplemental and amended inventories on to-all interested persons who have requested it in writing, serve on the personal representative a written request for a copy of the inventory.
(d) If any property nob-included in-the original inventory comes to the knowledge of a personal representative, or if the personal representative learns that the estimated value or description-indicated in the original-inventory-for any item is erroneous or misleading, he shall file a supplementary inventory — showing the estimated value-at the date-of the decedent’s death of the new item or the revised estimated value or-description-and furnish copies in accordance with paragraph (e) of this-rule.
(e) Information. On reasonable request in writing the personal representative shall provide an interested person with information about the estate and shall permit an interested person to examine appraisals on which inventory values are based.
Committee Notes
Constitutional homestead real property is not necessarily a probatable asset (See Basic Practice Under Florida Probate Code, 2d Ed. (1981), pp. 718-721). Disclosure on the inventory of real property appearing to be constitutional homestead property informs interested persons of the homestead issue.
Interested persons are entitled to reasonable information about estate proceedings on proper request, including a copy of the inventory, an opportunity to examine appraisals, and other information pertinent to their interests in the estate. The personal representative must also send a copy of the inventory to the Florida Department of Revenue.
Rule History
1980 Revision: Eliminated the time limit in requesting a copy of the inventory by an interested person or in furnishing it by the personal representative.
1984 Revision: Extensive changes. Committee notes revised.
Statutory References
F.S. 193.052(7) Preparation and filing of returns.
F.S. 732.401 Descent of homestead.
F.S. 732.4015 Devise of homestead.
F.S. 733.604 Inventory.
F.S. 733.605 Appraisers.
F.S. 733.606 Supplementary inventory.
Art. X, § 4, Fla. Const.
Rule References
Fla.R.P. & G.P. 5.060 Request for notices and copies of pleadings.
Fla.R.P. & G.P. 5.405 Proceedings to determine homestead real property.
Rule 5.345. ELECTION OF- FISCAL YEAR, INTERIM ACCOUNTINGS, OBJECTIONS TO -INTERIM AC-COUNTINGS
(a) The personal representative may select a fiscal year.
(b) (a) Contents. The personal representative may elect to file an interim accounting at any time, or the court may require an interim accounting. The interim accounting shall contain include a full and correct account of all cash the receipts and property transactions disbursements of the estate since the date of the last accounting *1096 or, and if none, from the commencement of administration and shall also include a schedule statement of the assets of the estate at the end of the accounting period. Real estate-need not be specifically described, but shall be identified as to nature and location. The accounting period may be a fiscal year or any other period selected by the personal representative.
(b) Notice of filing. Notice of filing and a copy of the interim accounting shall be served on interested persons. The notice shall state that objections to the accounting must be filed within 30 days from the date of service of notice.
(c) Substantiating papers--need not be ■filed with the interim accountings, but shall be-av-ailable for inspection wfaen-the court or any interested person requests.
(c) Objection. Any interested person may file an objection to the interim accounting within 30 days from the date of service of notice on him. An objection shall be in writing and shall state with particularity the item or items to which the objection is directed and the grounds upon which the objection is based.
(4)-The — personal—representative—shall serve notice-of- the filing and a copy of the ■interim accounting — on all -interested persons. — The-notice shall state- that it is an application-for the approval of the accounting and shall-notify the person served that any objection to the accounting, or any item thereof, stati-ng-the baais-for-the objection, must be filed in writing within 30 days after-service of notice-or the interim accounting shall be approved as filed.
(d) Service of objections. The objecting party shall serve a copy of the objection on the personal representative and other interested persons.
(e) Any interested person may file an objection, stating the basis -therefor, in writing to -the interim accounting or any item thereof-within 30 days after the notice of filing is-served upon him-in- accordance with-subsection (d).
(e) Approval. The interim accounting shall be deemed approved 30 days from the date of service of the interim accounting on interested persons, unless an objection is filed as provided in the rules.
(f-)--After the-expiration of the~time for filing of objections,- if objections to the interim accounting .have been timely filed, the personal representative or the objecting party may apply-to-the court for a hearing thereon upon reasonable notice to-all interested persons.
(f) Substantiating papers. On reasonable request in writing, the personal representative shall permit an interested person to examine papers substantiating items in an interim accounting.
(g) If no objection is timely filed.to an interim accounting-,-the accounting shall be deemed approved as filed and -thereafter not subject to objection by any-interested person.
Committee Notes
The personal representative is required to file a final accounting when administration is complete, unless filing is waived by interested persons. Additionally, a personal representative may elect, but is not required, to file interim accountings at any time. The filing, notice, objection, and approval procedure is similar to that for final accounts.
Rule History
1977 Revision: Change in (a) to authorize selection of fiscal year.
1980 Revision: Change in (d) of prior rule to require the notice to state that the basis for an objection is necessary. Change in (e) of prior rule to require any person filing an objection to set forth the basis of such objection.
1984 Revision. Extensive changes. Committee notes revised.
Statutory Reference
F.S. 733.901 Distribution; final discharge.
Rule Reference
Fla.R.P. & G.P. 5.400 Distribution and discharge; notice.
*1097 Rule 5.350. CONTINUANCE OF UNINCORPORATED BUSINESS OR VENTURE OF DECEDENT
(a) Separate accounts and reports. In the conduct of an unincorporated business or venture, the personal representative shall keep separate, full, and accurate accounts of all receipts and expenditures and make reports as the court may require.
(b) Petition; contents. If the personal representative determines it to be in the best interest of the estate to continue an unincorporated business or venture beyond the time authorized by statute or will, the personal representative shall file a verified petition which shall include:
(1) a statement of the nature of that business or venture;
(2) a schedule of specific assets and liabilities;
(3) the reasons for continuation;
(4) the proposed form and times of accounting for that business or venture;
(5) the period for which the continuation is requested; and
(6) any other information pertinent to the petition.
(c) Order. If the continuation is authorized, the order shall state:
(1) the period for which that business or venture is to continue;
(2) the particular powers of the personal representative in the continuation of that business or venture; and
(3) the form and frequency of accounting by that business or venture.
(d) Petition by interested person. Any interested person, at any time, may petition the court for an order regarding the operation of, accounting for, or termination of an unincorporated business or venture, and the court shall enter an order thereon.
Committee Notes
Rule History
1975 Revision: New rule. F.S. 733.612.
1984 Revision: Extensive changes in rule and title. Clarifies procedural steps to be taken by a personal representative who determines it to be in the best interest of an estate to continue any unincorporated business beyond the time authorized by statute. Information required to be filed in a verified petition is specified, and normal information to be included in a court order is listed. Other pertinent information under (b)(6) may include provisions for insurance of business or venture, proposed professionals to be used in connection with such activities, how the business or venture shall be managed, the person or persons proposed for managerial positions, a list of all other employees, agents, or independent contractors employed by or affiliated with the business or venture, and proposed compensation for all such management personnel, agents, employees, and independent contractors. Committee notes revised and expanded.
Statutory Reference
F.S. 733.612(22) Transactions authorized for the personal representative; exceptions.
Rule References
Fla.R.P. & G.P. 5.020 Pleadings; verification; motions.
Fla. R.P. & G.P. 5.040 Notice.
Rule 5.360. DUTY TO PAY ELECTIVE SHARE AND PRE-EXISTING DOWER
(a) The personal representative shall pay to an electing spouse the- amount of-the elective share only pursuant to an order of the court or upon stipulation of all interested persons.
(b) (a) Petition by personal representative. If the surviving spouse files an election for elective share, the personal representative shall file a petition to determine the amount of the elective share stating the proposed time and manner of distribution in satisfaction of the elective share, and Formal notice shall be served upon all on interested persons who do not join in the proceedings petition.
(e)(b) Petition by spouse. If the personal representative fails to does not file the petition, the electing spouse may file such *1098 the petition specifying as particularly as is known the value of the elective share. Formal notice shall be served upon on the personal representative and all interested persons who do not join in the proceedings petition.
(d) (c) Order. On -any such petitknv-the right to the elective share,- the amount thereof, and the date or dates of distribution shall-be-included in the-judgment.' The order shall state the amount of the elective share and the time and manner of distribution.
(e) (d) Petition for dower. The widow may also file an extraordinary petition for assignment of dower in the court of any each county or counties where any lands lie which her husband had conveyed in which she had not relinquished her right of dower prior to October 1, 1973. Formal notice shall be served upon all on persons adversely interested affected. The proceedings therein shall be as similar as possible to those formerly existing for the ordinary assignment of dower.
Committee Notes
Rule History
1984 Revision: Extensive changes. Clarifies information to be included in a petition for elective share filed by a personal representative and specifies information to be included in an order determining elective share. Committee notes revised and expanded.
Statutory Reference
F.S. 732.201 — 732.215 Elective share of surviving spouse.
Rule References
Fla.R.P. & G.P. 5.040 Notice.
Fla.R.P. & G.P. 5.025 Adversary proceedings.
Rule 5.370. SALES OF REAL PROPERTY WHERE NO POWER CONFERRED
(a) Petition. When authorization or confirmation of the sale of real property is required by the code, application shall be made by verified petition of the personal representative setting forth the reasons for the sale, a description of the real property sold or proposed to be sold, and the price and terms of such the sale.
(b) Except — where ■ interested — persons have-joined 'in the petition-for--the sale of real property, or hawe-consented to the sale, notiGe-of-the petition shall be given. No-bona fide purchaser-shall be required to examine-any-proceedings prior-to the order of-sale.
(e) (b) Order. After the — hearing upon the- petition, If the sale is authorized or confirmed, the order shall describe the real property and, if the property is authorized to be sold at private sale, shall fix the price and the terms of the sale. A certified copy of such order-relating to the-real property ma-y-be recorded in each- county where the real property, or any-part thereof,-is- situated. An order authorizing a sale may provide for the public or private sale of the real property described therein, in parcels or as a whole. If public sale is ordered, the personal representative shall give such notice as the order requires.
(d) In any event, the sale shall be final ■for — all- purposes upon-the-confirmation or authorization- of the sale or the closing, whichever is later.
Committee Notes
Rule History
1984 Revision: Extensive changes. Notice of hearing on any petition concerning sale of real property is required by statute unless waived. The requirement to record a certified copy of the order approving sale of real estate in each county where the real property or any part thereof is situated has been deleted. Committee notes revised and expanded.
Statutory References
F.S. 733.613(1) Personal representative’s right to sell real property.
F.S. 733.810 Distribution in kind; valuation.
Rule References
Fla.R.P. & G.P. 5.020 Pleadings; verification; motions.
Fla.R.P. & G.P. 5.040 Notice.
*1099 Fla.R.P. & G.P. 5.041 Service of pleadings and papers.
Fla.R.P. & G.P. 5.180 Notice; waiver.
RULE 5.380. PROCEEDINGS FOR COMPULSORY PAYMENT OF DEVISES OR DISTRIBUTIVE INTERESTS
(a) Petition; contents. A beneficiary may file a petition setting forth the facts that entitle him to compel payment of devises or distributive interests stating that the property will not be required for the payment of debts, family allowance, spouse’s elective share, estate and inheritance taxes, claims, charges, and expenses of administration, or for providing funds for contribution or enforcing equalization in case of advancements.
(b) Order. If the court finds that the property will not be required for the purposes set forth in (a), it may enter an order describing the property to be surrendered or delivered and compelling the personal representative, prior to the final settlement of his accounts, to do one or more of the following:
(1) to pay all or any part of a devise in money;
(2) to deliver specific personal property within his custody and control;
(3) to pay all or any part of a distributive interest in the personal estate of a decedent; or
(4) to surrender real property.
(c) Bond. Before the entry of an order of partial distribution, the court may require the person entitled to distribution to give a bond with sureties as prescribed by law.
Committee Notes
Rule History
1984 Revision: Extensive changes. Committee notes revised.
Statutory Reference
F.S. 733.802 Proceedings for compulsory payment of devises or distributive interest.
Rule Reference
Fla.R.P. & G.P. 5.020 Pleadings; verification; motions.
Rule 5.395. NOTICE OF FEDERAL ESTATE TAX RETURN
When a federal estate tax return is required, the personal representative shall file a notice stating the due date of the return. The notice shall be filed within 12 months from the date letters are issued and copies of the notice shall be served on interested persons. Whenever the due date is subsequently extended, similar notice shall be filed and served.
Committee Notes
The purpose of the rule is to require notification to the court and all interested persons that the time for closing the estate is extended when a federal estate tax return is required.
Rule History
1984 Revision: New rule.
Statutory Reference
F.S. 733.901(1) Distribution; final discharge.
Rule Reference
Fla.R.P. & G.P. 5.400 Distribution and discharge; notice.
Rule 5.400. DISTRIBUTION* AND FINAL DISCHARGE; NOTICE
(a) Petition for discharge; final accounting. When a personal representative has completed administration except for distribution, he shall file a final accounting and a petition for discharge providing the following; including a plan of distribution.
(b) Contents:
(1) The final accounting shall include all cash and property transactions since the date of the last accounting or, if none, from the commencement of administration.
(2) The petition for discharge shall contain a statement:
(A) that the personal representative has fully administered the estate;
(B) that all claims which were presented have been paid, settled, or otherwise disposed of;
*1100 (C) that the personal representative has paid or made provision for taxes and expenses of administration;
(D) showing the amount of compensation paid or to be paid to the personal representative, attorneys, accountants, appraisers, or other agents employed by the personal representative;
(E) showing a plan of distribution which shall include:
(i) a schedule of all prior distributions;
(ii) the property remaining in the hands of the personal representative for distribution; and
(iii) a schedule describing the proposed distribution of the remaining assets;
(F) that any objections to the accounting, the compensation paid or proposed to be paid, or the proposed distribution of assets must be filed within 30 days from the date of service of the last of the petition for discharge or final accounting; and also that within 90 days after filing of the objection, a notice of hearing thereon must be served or the objection is abandoned; and
(G) that objections, if any, shall be in writing and shall state with particularity the item or items to which the objection is directed and the grounds on which the objection is based.
(c) Closing estate; extension. The final accounting and petition for discharge shall be filed and served on interested persons within the time period required by these rules or by law unless the time is extended by the court for cause shown after notice to interested persons. The petition to extend time shall state the status of the estate and the reason for the extension.
(d) Distribution. The personal representative shall promptly distribute the estate property in accordance with the plan of distribution, unless objections are filed as provided in these rules.
(e) Discharge. On receipt of evidence that the estate has been fully administered and properly distributed, the court shall enter an order discharging the personal representative and releasing the surety on any bond.
(f)Waiver. The final accounting, any portion of the petition for discharge, or the time for filing objections may be waived by all interested persons.
Committee Notes
The rule establishes a procedure for giving notice and serving the final accounting, petition for discharge, and plan of distribution to all interested persons prior to distribution and discharge. No distinction is made in plans of distribution which distribute estate property in kind among multiple residual beneficiaries proportionate to their respective interests and those which include equalizing adjustments in cash or property and which do not make prorated distribution.
Rule History
1980 Revision: Change in prior (a)(6) to require that an objection set forth the basis on which it is being made.
1984 Revision: This rule has been substantially revised. Portions of the prior rule are now incorporated in rules 5.400 and 5.401. The committee has included the procedure for filing and serving of objections to the final accounting, petition for discharge, plan of distribution or compensation in rule 5.401.
Statutory References
F.S. 731.302 Waiver and consent by interested persons.
F.S. 733.809 Right of retainer.
F.S. 733.810 Distribution in kind; valuation.
F.S. 733.811 Distribution; right or title of distributee.
F.S. 733.812 Improper distribution; liability of distributee.
F.S. 733.901 Distribution; final discharge.
Rule References
Fla.R.P. & G.P. 5.020 Pleadings; verification; motions.
Fla.R.P. & G.P. 5.040 Notice.
Fla.R.P. & G.P. 5.180 Notice; waiver.
*1101 Fla.R.P. & G.P. 5.401 Objections to petition for discharge or final accounting.
Rule 5.401. OBJECTIONS TO PETITION FOR DISCHARGE OR FINAL ACCOUNTING
(a) Objections. Any interested person may object to the petition for discharge or final accounting within 30 days from the date that the last of the petition for discharge or final accounting is served on that interested person.
(b) Contents. Written objections to the petition for discharge or final accounting must state with particularity the items to which the objections are directed and must state the grounds on which the objections are based.
(c) Service. Copies of the objections shall be served by the objector on the personal representative and interested persons not later than 30 days after the last date on which the petition for discharge or final accounting was served on the objector.
(d) Hearing on objections. Any interested person may set a hearing on the objections. Notice of the hearing shall be given to all interested persons. If the objections are not noticed for hearing within 90 days of filing of the objections, the objections shall be deemed abandoned and the personal representative may make distribution as set forth in the plan of distribution.
(e) Order on objections. The court shall sustain or overrule any objections to the petition for discharge and final accounting and shall determine a plan of distribution.
(f) Discharge. On receipt of evidence that the estate has been distributed according to the plan determined by the court and the claims of creditors have been paid or otherwise disposed of, the court shall enter an order discharging the personal representative and releasing the surety on any bond.
Committee Notes
Rule History
1984 Revision: New rule. Objections to the petition for discharge or final aceount-ing were formerly under prior rule 5.400. Clarifies procedure for objections.
Statutory References
F.S. 733.6175 Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
F.S. 733.901 Distribution; final discharge.
Rule References
Fla.R.P. & G.P. 5.020 Pleadings; verification; motions.
Fla.R.P. & G.P. 5.040 Notice.
Fla.R.P. & G.P. 5.180 Notice; waiver.
Fla.R.P. & G.P. 5.400 Distribution and discharge; notice.
Rule 5.405. PROCEEDINGS TO DETERMINE HOMESTEAD REAL PROPERTY
(a) Petition. The personal representative or any interested person may file a petition to determine homestead real property owned by the decedent.
(b) Contents. The petition shall be verified by the petitioner and shall state:
(1) the date of the decedent’s death;
(2) the county of the decedent’s domicile at the time of his death;
(3) the name of the decedent's surviving spouse and the names and dates of birth of the decedent’s surviving lineal descendants;
(4) a legal description of the property owned by the decedent on which the decedent resided as the head of a family; and
(5) any other facts in support of the petition.
(c) Order. If the court determines that the property constituted the homestead of the decedent, it shall enter an order determining the legal description and the persons entitled to the homestead real proper-⅛
Committee Notes
This rule establishes the procedure by which the personal representative or any interested person may petition the court for a determination that certain real property constituted the decedent’s homestead *1102 property, in accordance with article X, section 4 of the Florida Constitution. The jurisdiction of the court to determine constitutional homestead property was established by In Re Noble’s Estate, 73 So.2d 873 (Fla.1954).
Rule History
1984 Revision: New rule.
Statutory References
F.S. 733.607 Possession of estate.
F.S. 733.608 General power of the personal representative.
Rule Reference
Fla.R.P. & G.P. 5.340 Inventory.
Rule 5.406. PROCEEDINGS TO DETERMINE EXEMPT PROPERTY
(a) Petition. The personal representative or any interested person may file a petition to determine exempt property.
(b) Contents. The petition shall:
(1) describe and state the net value of the tangible personal property which is claimed as exempt property; and
(2) state the name of the decedent’s surviving spouse or, if none, the names of the persons entitled by law to the exempt property and dates of birth of those who are minors.
(c) Order. The court shall determine the exempt property owned by the decedent and order the surrender of that property to the persons entitled to the property.
Committee Notes
This rule establishes the procedure by which the personal representative or any interested person may petition .the court for determination of exempt property in accordance with article X, section 4 of the Florida Constitution and F.S. 732.402.
Rule History
1984 Revision: New rule.
Statutory References
F.S. 732.402 Exempt property.
Art. X, § 4, Fla. Const.
Rule 5.410. Deleted September 13, 1984, Effective January 1, 1985
Committee Notes
Rule History
1984 Revision: The rule has been deleted as being substantive rather than procedural. See F.S. 735.301.
Rule 5.420. DISPOSITION OF PERSONAL PROPERTY WITHOUT ADMINISTRATION
(a) Application. An interested person may request a disposition of the decedent's personal property without administration. An application signed by the applicant setting forth the following information shall be sufficient:
(1) the description and value of the exempt property;
(2) the description and value of the other assets of the decedent;
(3) the amount of preferred funeral expenses and reasonable and necessary medical and hospital expenses for the last 60 days of the last illness; and
(4) the requested payment or distribution of such personal property.
(b) Preparation. On request, the clerk shall assist the applicant in the preparation of the required writing.
(c) Disposition. If the court is satisfied that disposition without administration is appropriate, the court may, without hearing, authorize the payment, transfer, or disposition of the decedent’s personal property to those persons entitled to it.
Committee Notes
Rule History
1977 Revision: Permits the clerk to perform limited ministerial acts in the completion of the application.
1984 Revision: Editorial changes. Delineates the required contents of the application. Committee notes revised.
Statutory Reference
F.S. 735.301 Disposition without administration.
*1103 Rule 5.440. PROCEEDINGS FOR REMOVAL
(a) Commencement of proceeding. The court on its own motion or any surety, any joint personal representative, or other interested person by petition may commence a proceeding to remove a personal representative. A petition for removal shall state the facts constituting the grounds upon which removal is demanded.
(b) Final accounting. A removed personal representative shall file a true and correct final accounting of his administration within 30 days after his removal and shall deliver to the remaining or successor personal representative all of the records concerning the estate and all of the property of the estate within 30 days after his removal or within such lesser time set by the court. The final accounting shall include a statement of all property on hand and all receipts and disbursements from the date of the last accounting or, if none, from the date of letters of administration.
(c) Extension of time. The time for filing the final accounting or for delivery of estate property and records may be extended by the court for cause shown after notice to interested persons.
(d) Failure to file or deliver. When a removed personal representative fails to file his final accounting or fails to deliver to the remaining or successor personal representative all of the records concerning the estate and all of the property of the estate, the court on its own motion or on the petition of any interested person shall order the removed personal representative to file the accounting and to deliver the property and records within 15 days from the service on him of the order, or show cause why he should not be compelled to do so. A copy of the order shall be served on the removed personal representative and his attorney.
Committee Notes
Rule History
1980 Revision: Paragraph (a) amended to require formal notice to interested persons and to delete requirement that court give directions as to mode of notice. Surety authorized to petition for removal.
1984 Revision: Editorial changes. Provisions in prior rule for contempt have been deleted since the court has the inherent power to punish for contempt. Committee notes revised.
Statutory References
F.S. 733.504 Causes of removal of personal representative.
F.S. 733.505 Jurisdiction in removal proceedings.
F.S. 733.506 Proceedings for removal.
F.S. 733.507 Administration following resignation or removal.
F.S. 733.508 Accounting upon removal.
F.S. 733.509 Surrender of assets upon removal.
Rule References
Fla.R.P. & G.P. 5.025 Adversary proceedings.
Fla.R.P. & G.P. 5.660 Proceedings for removal of guardian.
Fla.R.P. & G.P. 5.150 Order requiring accounting.
Rule 5.450. Deleted September 13, 1984, Effective January 1, 1985
Committee Notes
Rule History
1984 Revision: The rule has been deleted as being substantive rather than procedural. See F.S. 733.307 and F.S. 735.507.
Rule 5.460. SUBSEQUENT ADMINISTRATION
(a) Petition. If, after an estate is closed, additional property of the decedent is discovered or if further administration of the estate is required for any other reason, any interested person may file a petition for further administration of the estate. The petition shall be filed in the same probate file as the original administration.
(b) Contents. The petition shall state:
(1) the name, address, and interest of the petitioner in the estate;
(2) the reason for further administration of the estate;
*1104 (3) the description, approximate value, and location of. any asset not included among the assets of the prior administration; and
(4) a statement of the relief sought.
(e) Order. The court shall enter such orders as appropriate. Unless required, the court need not revoke the order of discharge, reissue letters, or require bond.
Committee Notes
This rule establishes a procedure for further administration after estate is closed, which may be summary in nature.
Rule History
1984 Revision: Extensive changes. Committee notes revised.
Statutory Reference
F.S. 733.903 Subsequent administration.
Rule 5.470. ANCILLARY ADMINISTRATION
(a) Petition. To entitle-the-applicant to The petition for ancillary letters shall include an authenticated copy of so much of the domiciliary proceedings shall be filed as will show either:
(1) for a testate estate the will, petition for probate, order admitting the will to probate, and letters if-fehere are such authority of the personal representative; or
(2) for an intestate estate the petition for letters and letters of administration and authority of the personal representative to act.
(b) On filing the authentieated-copy of a probated-will-the- court shall determine if the will complies with Floridar-law- so as to entitle it to-probate. — If-it-does comply, the oour-t-shall admit the will-to probate.
(b) Notice. Notice of the petition shall be given to all domiciliary personal representatives who have not waived notice or joined in the petition.
(e-)-T-he-ancillary personal representative shall-give bond as personal representative generally. — All-—proceedings for appointment and-administration of the estate shall be as similar to those -in- original administrations as possible.
(c) Probate of will. On filing the authenticated copy of a probated will, the court shall determine whether the will complies with Florida law to entitle it to probate. If it does comply, the court shall admit the will to probate.
(d) After payment of all expenses of administration and claims-against the estate, the court may order the remaining-property held by the ancillary personal representative transferred to the-demiciliary personal representative or distributed to the heirs or devisees.
Committee Notes
Rule History
1975 Revision: The rule sets out the procedural requirements for issuance of ancillary letters.
1984 Revision: Editorial changes with addition of notice requirement in (b). Committee notes revised.
Statutory References
F.S. 734.102 Ancillary administration.
F.S. 734.1025(5) Nonresident decedent’s estate with property not exceeding $25,000 in this state; determination of claims.
Rule 5.490. FORM AND MANNER OF PRESENTING CLAIM
(a) Form. A creditor’s statement of claim shall be verified and filed with the clerk and shall state:
(1) the basis for the claim;
(2) the amount claimed;
(3) the name and address of the creditor or the creditor’s agent or attorney;
(4) the security for the claim, if any; and
(5) whether the claim is due or involves an uncertainty and, if not due, then the due date and, if contingent or unliquidated, the nature of the uncertainty.
(b) Copy. At the time of filing the claim, the creditor shah also furnish the clerk with a copy thereof.
(c) Mailing. The clerk shall mail a copy of the claim, noting the fact and date of mailing on the original, to the personal representative, in care of his attorney, in the following order:
*1105 (1) the corporate personal representative, if any, in the event there are joint personal representatives; or
(2) joint personal representatives may designate the attorney to whom the copy of the claim shall be mailed. If no attorney is designated, the copy of the claim shall be mailed to the attorney for the personal representative named first in the letters of administration if there is no corporate personal representative.
(d) Validity of claim. Failure to deliver or receive a copy of the claim shall not affect the validity of the claim.
Committee Notes
Rule History
1975 Revision: Sets forth the claims procedure to be followed and clarifies the matter of delivery of copies where there are multiple personal representatives or where the attorney of record desires to accept such delivery.
1984 Revision: Extensive editorial changes and requires furnishing of copy of claim to the attorney for the personal representative. Committee notes revised.
Statutory References
F.S. 731.111 Notice to creditors.
F.S. 733.212 Notice of administration; filing of objections and claims.
F.S. 733.702 Limitations on presentation of claims.
F.S. 733.703 Form and manner of presenting claim.
F.S. 733.704 Amendment of claims.
F.S. 733.708 Compromise.
F.S. 733.709 Claims undisposed of after 1 year.
Rule Reference
Fla.R.P. & G.P. 5.240 Notice of administration.
Rule 5.500. Deleted September 13, 1984, Effective January 1, 1985
Committee Notes
Rule History
1984 Revision: The rule has been deleted. See Fla.R.P. & G.P. 5.210 and F.S. 733.206.
Rule 5.510. ESTABLISHMENT AND PROBATE OF LOST OR DESTROYED WILL
(a) Petition. The petition for the establishment and probate of a lost or destroyed will shall include a statement of the facts constituting the grounds on which the relief is sought and:
(1) a statement of the contents of the will; or
(2) a copy of the will, if available, attached as an exhibit-
lb) Testimony. The testimony of each witness in the proceeding shall be reduced to writing and filed.
(c) Order. The order shall recite the full terms of the will.
Committee Notes
Rule History
1977 Revision: Editorial change in paragraph (c) of prior rule.
1984 Revision: Extensive changes. Committee notes revised.
Statutory Reference
F.S. 733.207 Establishment and probate of lost or destroyed will.
Rule Reference
Fla.R.P. & G.P. 5.025 Adversary proceedings.
Rule 5.520. FAMILY ADMINISTRATION-PETITION
(a) Petition; contents. The petition shall be verified by the surviving spouse, if any, and the beneficiaries and shall contain the statements required by law and the following:
(1) facts showing that the petitioners are entitled to family administration;
(2) a schedule of all assets required by law to be listed and the estimated values of each, probate and nonprobate assets being listed separately. Homestead and exempt property shall be separately designated;
(3) one of the following shall be included:
*1106 (A)a statement that the estate is not indebted; or
(E) a statement that all creditors’ claims are barred; or
(C) the name of each creditor, the nature of the debt, the amount of the debt and whether the amount is estimated or exact, and when the debt is due. If provision for payment of the debts has been made other than in the proposed order of distribution, the following information shall be provided:
(i) the name of the person who will pay the debt;
(ii) the creditor’s written consent for substitution or assumption of the debt by another person;
(iii) the amount to be paid if the debt has been compromised; and
(iv) if the debt is to be paid in other than one lump sum or as directed by court order, the time and method of payment;
(4) a schedule of proposed distribution of all probate assets and the person to whom each asset is to be distributed.
(b) Testate estate. In a testate estate, on the filing of the petition for family administration, the decedent’s will shall be proved and admitted to probate.
(c) Order. If the court determines that the decedent’s estate qualifies for family administration, it shall enter an order distributing the probate assets and specifically designating the person to whom each asset is to be distributed.
Committee Notes
Rule History
1975 Revision: Established the requirements of a petition for family administration.
1980 Revision: Deleted repetition of specific language included in the statutes.
1984 Revision: Extensive revisions. Requirements were added to protect creditors because publication of notice of administration is not always required. Committee notes revised.
Statutory Reference
F.S. 735.101 — 735.107 Family administration.
Rule 5.530. SUMMARY ADMINISTRATION,.PETITION, HEARING AND DISTRIBUTION
(a) Petition; contents. The petition shall be verified and shall contain the statements required by law and the following:
(1) facts showing that the petitioners are entitled to summary administration;
(2) a schedule of all assets required by law to be listed and the estimated value of each, separately designating homestead and exempt property;
(3) one of the following shall be included;
(A) a statement that the estate is not indebted; or
(B) a statement that all creditors’ claims are barred; or
(C) the name of each creditor, the nature of the debt, the amount of the debt and whether the amount is estimated or exact, and when the debt is due. If provision for payment of the debt has been made other than in the proposed order of distribution, the following information shall be shown:
(i) the name of the person who will pay the debt;
(ii) the creditor’s written consent for substitution or assumption of the debt by another person;
(iii) the amount to be paid if the debt has been compromised; and
(iv) if the debt is to be paid in other than one lump sum or as directed by court order, the time and method of payment;
(4) a schedule of proposed distribution of all probate assets and the person to whom each asset is to be distributed.
(b) Testate estate. In a testate estate, on the filing of the petition for summary administration, the decedent’s will shall be proved and admitted to probate.
(c) Order. If the court determines that the decedent’s estate qualifies for summary administration, it shall enter an order distributing the probate assets and specifi *1107 cally designating the person to whom each asset is to be distributed.
Committee Notes
Rule History
1977 Revision: Changes to conform to 1975 statutory revision. Established the requirements of a petition for summary administration and provided for the hearing thereon and the entry of the order of distribution of the assets.
1984 Revision: Extensive revisions and editorial changes. Committee notes revised.
Statutory Reference
F.S. 735.201 — 735.209 Summary administration.
Rule 5.550. PETITION FOR ADJUDICATION OF INCOMPETENG¥ TO DETERMINE COMPETENCY
(a) Contents. Every The petition for adjudication of incompetency- to determine competency shall be verified by the petitioner and shall allege to-the-best of petitioner’s knowledge and belief:
(1) the name, age if known, or approximate age, if not-known? and address of the alleged incompetent and the nature of his the disability incapacity.
(2) the address of the petitioner; and
(3) the names, relationships, and addresses of the spouse and next-of-kin of the alleged incompetent, if known.
(b) When a-petition is filed, the court shall set a date for hearing.
(b) Service. A copy of the petition to determine competency and notice of hearing thereon shall be served on the alleged incompetent in the same manner as provided for service of formal notice. A copy of the petition and notice of the hearing shall be served on one or more members of the family of the alleged incompetent, if any other than petitioner are known to be residing in the county, and to such other persons as the court may direct.
Committee Notes
Rule History
1980 Revision: Implements 1979 amendments to FGL 744.331.
1984 Revision: Change in title of rule. Editorial changes and adds a provision for service of petition. ■ Committee notes revised.
Statutory Reference
F.S. 744.331 Adjudication of persons mentally or physically incompetent; procedure.
Rule Reference
Fla.R.P. & G.P. 5.040 Notice.
Rule 5.560. PETITION FOR APPOINTMENT OF GUARDIAN; NOTICE
(a) Contents: Every The petition for the appointment of a guardian shall be verified by the petitioner and shall allege to the best of petitioner’s knowledge and-belief:
(1) facts sufficient to show that establish venue is proper;
(2) petitioner’s residence and post office address;
(3) the name, age, if known, social security number, residence and post office address of the alleged incompetent, and the nature of his the incapacity;
(4) the date and court of adjudication;
(5) the type of guardianship desired;
(6) the approximate value and description of his the incompetent’s property;
(7) the names and addresses of the next-of-kin of the incompetent, if known to the petitioner; and
(8) the name, residence and post office address of the proposed guardian, and that the person sought to be appointed proposed guardian is qualified to act as guardian in the state of Florida to serve.
(9) The name, residence, post office-address.and the preference, if any, of the person-sought to- be appointed.
(b) Notice; not required. A petition for appointment of guardian may be filed and heard without notice at the conclusion of the hearing in which the incompetency has been adjudicated.
(c) Notice; required:
*1108 (1) if the petition for appointment of a guardian is not heard on the date of adjudication of incompetency, a copy of the petition and notice of the hearing thereon shall be served on the incompetent and such other persons as the court may direct; or
(2) if the petition alleges that the incompetent is a minor and the petitioner is not a parent, a copy of the petition and notice of the hearing thereon shall be served on the minor’s parents. If a parent of the minor is the petitioner or proposed guardian, a copy of the petition and notice of the hearing thereon shall be served on the minor’s other parent, if living.
Committee Notes
Rule History
1975 Revision: Substantially the same as FGL 744.334, expanded to include provisions of FGL 744.302 and FGL 744.312 by reference.
1977 Revision: Change in committee notes to conform to statutory renumbering.
1980 Revision: Implements 1979 amendment to FGL 744.334.
1984 Revision: Combines Fla.R.P. & G.P. 5.560 and part of prior Fla.R.P. & G.P. 5.570. Editorial changes and committee notes revised.
Statutory References
F.S. 744.309 Who may be appointed guardian of a resident incompetent.
F.S. 744.312 Considerations in appointment of guardian.
F.S. 744.334 Petition for appointment of guardian; contents.
F.S. 744.337 Notice of hearing.
F.S. 744.341 Voluntary guardianship.
F.S. 744.344 Order of appointment.
Rule Reference
Fla.R.P. & G.P. 5.020 Pleadings; verification; motions.
Rule 5.570. Deleted September 13, 1984, Effective January 1, 1985
Committee Notes
Rule History
1984 Revision: This rule has been combined with Fla.R.P. & G.P. 5.560.
Rule 5.600. OATH
■Before-exercising his authority as guardian, every Every guardian shall take an oath that-he will to faithfully perform fefe the duties as of guardian before exercising such authority. If the petition for appointment of guardian is verified by the prospective guardian individually, The oath may be incorporated in the petition and may also be incorporated in- the designation of resident agent for appointment of guardian if verified by the prospective guardian individually.
Committee Notes
Rule History
1977 Revision: Change in committee notes to conform to statutory renumbering. Rule permits oath of guardian to be incorporated in petition for appointment and in designation of resident agent.
1984 Revision: Editorial change and deletes genders.
Statutory Reference
F.S. 744.347 Oath of guardian.
Rule 5.620. INVENTORY; APPRAISALS
(a) Inventory. Within 60 days after his appointment Within the time required by law the guardian of the property shall file a complete inventory of the property of the ward that has come to his the guardian’s knowledge and-of including any cause of action on which the that his ward has a right to sue on. If the guardian learns of any property that is not included in a previous inventory, the property shall be inventoried within 30-days the time required by law after its discovery.
(b) Appraisals. When the court deems it necessary, appraisers may be appointed to appraise any property of the ward. The appraisal, if endorsed by the guardian, may be considered an inventory of that part of the estate so appraised.
*1109 Committee Notes
Rule History
1977 Revision: Change in committee notes to conform to statutory renumbering.
1984 Revision: Change to require inventory to be filed within 60 days after issuance of letters, rather than after appointment. Committee notes revised.
Statutory References
F.S. 193.052(7) Preparation and filing of returns.
F.S. 744.377(4) Duties of guardian of the property.
Rule Reference
Fla.R.P. & G.P. 5.340 Inventory.
Rule 5.660. PROCEEDINGS FOR REMOVAL OF GUARDIAN
(a) Instituting. Proceedings for removal of a guardian may be instituted by the court or by verified petition of any other guardian, any surety, the next-of-kin, or any other interested person alleging the facts upon which the petition is based, with formal notice to all guardians and to other interested persons, including next-of-kin, if any.
(b) Accounting. A removed guardian shall file a true, complete, and final accounting of his guardianship within 30 20 days after his removal, unless for good cause shown the time is extended by the court.
(c) Transfer of property, records. The successor guardian shall demand of the removed guardian or his heirs, personal representative, or surety all the property of the ward and all records with all money due the ward by him. The removed guardian or his heirs, personal representative, or surety shall turn over the items to his duly qualified successor.
(d) Failure to comply. If a removed guardian fails to file a true, complete, and final accounting of his guardianship, to turn over to his successor all property of his ward and all records that are in his control and that concern the property of the ward or the guardianship, or to pay over to the successor guardian all money due the ward by him, the court shall commit the removed guardian until he complies with the requirements indicated. If cause is shown for the default, the court shall set a reasonable time within which to comply, and, on failure to comply with this or any subsequent order, the removed guardian may be committed until he does comply. Proceedings for the commitment of a defaulting guardian may be instituted by the court, by an interested person, or by a successor guardian.
(e)Commitment proceedings. If proceedings for commitment are instituted by the court, the order directing compliance shall be sufficient of itself. If proceedings are instituted by a person other than the court, they shall be by verified petition, stating the facts upon which the proceedings are based. After notice to the removed guardian and a hearing on the petition, if it deems the facts stated sufficient, the court shall issue its .order and proceed in accordance with the provisions of this rule.
Committee Notes
Rule History
1977 Revision: No change in rule. Change in committee notes to conform to statutory renumbering.
1980 Revision: Paragraph (a) amended to specifically authorize any guardian or next-of-kin to file the petition and to require formal notice in conformity with rule 5.630(b).
1984 Revision: Paragraph (b) amended to conform to statute. Editorial changes and committee notes revised.
Statutory References
F.S. 744.477 Proceedings for removal.
F.S. 744.511 Accounting upon removal.
F.S. 744.514 Surrender of assets upon removal.
F.S. 744.517 Proceedings for commitment.
Rule 5.670. TERMINATION OF GUARDIANSHIP ON CHANGE OF DOMICILE OF RESIDENT WARD
(a) Change of domicile. When the domicile of a resident ward has been changed ⅛ *1110 accordance-with-FGL 744.201, to a foreign state and the foreign court having jurisdiction over the ward at his new domicile has appointed a guardian of the property of the ward and the guardian has qualified and posted a bond in an amount required by the foreign court, the Florida guardian of the property of the ward may file his final accountings and close the Florida guardianship.
(b) Publication of notice. The Florida guardian of the property shall Gaase-ar-no-tice to-be-published publish a notice once a week for two consecutive weeks in a newspaper of general circulation published in the county that in which he has filed his accountings, that any objections should be filed within 30 days, and that application for discharge will be made and will apply for discharge on a day certain and that jurisdiction of the ward will be transferred to the state of foreign jurisdiction.
(c) Objections. If an objection is filed to the termination of the Florida guardianship, the court shall hear the objection and enter an order such orders as appropriate. either sustaining or- overruling-the objec-
(d) Distribution and discharge. Upon On the disposition of all objections filed, or if no objection is filed, final settlement shall be made by the Florida guardian. On proof that the remaining assets in the guardianship have been received by the foreign guardian, the Florida guardian shall be discharged. The entry of the order terminating the Florida guardianship shall not exonerate the guardian of the property or his surety from any liability previously incurred.
Committee Notes
Rule History
1977 Revision: Change in committee notes to conform to statutory renumbering.
1984 Revision: Adds 30-day requirement for filing objections. Editorial changes and committee notes revised.
Statutory References
F.S. 744.201 Change of domicile of ward.
F.S. 744.309 Who may be appointed guardian of a resident incompetent.
F.S. 744.524 Termination of guardianship on change of domicile of resident ward.

 The rules as amended are attached to this opinion. New material is underlined and deleted material is struck through.