WENTWORTH, Judge.
Appellants seek review of a probate order by which their formal objection to the personal representative’s petition for discharge was dismissed with prejudice. We find that the court erred in dismissing appellants’ objection, and we reverse the order appealed.
The deceased’s personal representative filed a petition for discharge dated December 5, 1984, asserting that the estate had been administered to the full extent of its assets. Appellants are heirs of the' deceased and filed a December 20, 1984 written objection to the petition for discharge, challenging the personal representative’s accounting, contesting certain estate distributions, and asserting that additional estate assets remain to be distributed. Appellants thereafter made a request for admissions in May 1985. The personal representative declined to substantively respond to this request, arguing that appellants’ objection should be deemed abandoned pursuant to Florida Rule of Probate and Guardianship Procedure 5.401(d), which provides that:
If the objections are not noticed for hearing within 90 days of filing of the objections, the objections shall be deemed abandoned and the personal representative may make distribution as set forth in the plan of distribution.
A hearing was held and appellants argued that Rule 5.401(d) should not be applied since it did not become effective until January 1, 1985, after appellants’ objection had already been filed. The court rejected this argument, construing the rule as applicable to all pending cases on January 1, 1985. Finding that more than 90 days had passed since the effective date of the rule without appellants’ objection being noticed for hearing, the court entered an order by which the objection was deemed abandoned and was dismissed with prejudice. We find dismissal to be improper for reasons which do not require resolution of appellants’ argument as to effective date.
As the court below recognized, Rule 5.401(d) establishes that objections shall be deemed abandoned if not timely noticed for hearing. At the same time Rule 5.401 was adopted, Rule 5.400(b)(2)(F) was amended,[1] also effective January 1, 1985, so as to require that the petition for discharge contain a statement advising that if an objection is filed “within 90 days after filing of the objection, a notice of hearing thereon must be served or the objection is aban-doned_” In the present case the petition for discharge was filed prior to the effective date of the amendment and did not contain the required statement. The cited rules being pari materia, we con- *467 elude that in the circumstances of this case Rule 5.401(d) may not be applied so as to effect the abandonment of appellants’ objection to the petition for discharge. The court therefore erred in dismissing appellants’ objection.
The order appealed is reversed and the cause remanded.
SHIVERS and WIGGINTON, JJ., concur.

. See The Florida Bar re Amendment to Rules— Probate and Guardianship, 458 So.2d 1079 (Fla. 1984).